[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13133

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JEFFREY SPIVACK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:21-cr-80016-KAM-1

_____

Before JORDAN, JILL PRYOR, and NEWSOM, Circuit Judges.

PER CURIAM:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Jeffrey Spivack appeals from the district court's September 7, 2023, order construing his motion to dismiss as a 28 U.S.C. § 2255 motion to vacate sentence. That order is not final and appealable, however, because it did not end the litigation on the merits in the district court. *See* 28 U.S.C. § 1291; *Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 986 (11th Cir. 2022) (stating that a final order ends the litigation on the merits and leaves nothing for the court to do but execute its judgment). The district court has not ruled on the recharacterized § 2255 motion or entered a judgment in the § 2255 proceedings.

Additionally, the district court's September 7, 2023, order is not effectively unreviewable on appeal from a final order resolving the case on the merits. *Plaintiff A v. Schair*, 744 F.3d 1247, 1252-53 (11th Cir. 2014) (explaining that a ruling that does not conclude the litigation may be appealed under the collateral order doctrine if it, *inter alia*, is "effectively unreviewable on appeal from a final judgment").

No petition for rehearing may be filed unless it complies with the timing and other requirements of 11th Cir. R. 40-3 and all other applicable rules.